THOMAS STEWARD, Trustee, *v.* THE FRANKLIN FOUNDRY AND MACHINE CO.

An assignment for the benefit of certain preferred creditors, made by a debtor committed upon execution on the morning of the day appointed for the hearing of his application to be discharged upon taking the poor debtor's oath, is void, as a fraud upon the 10th section of chapter 198 of the Revised Statutes, which requires, that such debtor shall, as a condition of being admitted to the oath, first make an assignment for the equal benefit of all his creditors; and hence, the payment of a debt due to the assignor, if made to the official assignee, though his assignment be subsequent in time, is a good payment, as against the claim of the prior voluntary assignee.

ASSUMPSIT to recover the sum of $298.75, for work and labor done by the plaintiff for the defendants.

At the trial of the case, which was submitted to the court in law and fact, it appeared, that in 1856, Steward, whilst in jail, in Providence, upon the execution of A. Burgess & Son, applied to take the poor debtor's oath, and took out a citation to his said committing creditors, returnable on the 26th day of December of that year, and in the morning of the day appointed for hearing his application, executed to Aaron B. Curry, for whose benefit this suit is brought, an assignment of the claim now sued,—in said assignment preferring in payment the debts of certain of his creditors therein specified; that afterwards, on the same day, his application for discharge as a poor debtor was heard and granted, and thereupon he executed to Samuel L. Blaisdell, the keeper of the jail for the county of Providence, as required by law, an assignment of all his property for the equal benefit of all his creditors, and that Blaisdell, on the 31st day of December, 1856, at the request of A. Burgess & Son, executed to them, as the committing creditors, a transfer of all his interest in the property assigned to him, upon the same trusts, according to the provision of the statute. By virtue of this last assignment, A. Burgess & Son demanded and received from the defendants, who had received due notice of the first assignment, the amount of the debt now sued, which was then due; both deeming the voluntary assignment, under the circumstances, to be void, in competition with the last and official assignment; whereupon, this action was brought by Steward, as trustee for his first, or voluntary assignee, Curry, to recover the amount of the debt, notwithstanding the payment of the same as aforesaid.

*Wm. H. Potter*, for the plaintiff.

*Tillinghast & Bradley*, for the defendants.

BRAYTON, J. The plaintiff in interest in this suit, A. B. Curry, claims to recover under the assignment executed to him, upon the ground, that the interest of Steward in the debt now in suit, passed to him thereby, and that the payment over by the defendants to Burgess & Son, the assignees under the second assignment, is no discharge of the debt, it having been already transferred to him at the time of the making of the second assignment. The defendants, in defence, say, that they

have paid over " to the only person who could rightfully demand it; that nothing passed to Curry by the first assignment; and that that assignment was void, as a fraud upon § 10, ch. 198, of the Revised Statutes.

This section, after providing that the magistrates, to whom jurisdiction under this chapter is given, may administer the oath prescribed in the act, if, upon full examination of the debtor under oath and hearing of the parties, they shall think it proper so to do, has this proviso, that such applicant " shall, then and there, first make an assignment of all his estate, of every kind, and wherever the same may be," to the keeper of the jail, " in trust for the benefit of all his creditors, in proportion to their respective demands." The question is, whether the assignment to A. B. Curry, made after the issuing of the citation to the creditor, and preferring in payment certain of the debtor's creditors, is not a fraud upon this provision of the act, which renders it void, and debars the plaintiff in interest from claiming anything under it.

The purpose of this provision is quite clear. It was, evidently, to secure the appropriation of whatever property the debtor had, at the time of his application, to the equal benefit of all his creditors; to prevent his making preferences, whereby the committing creditor should be defeated of his proper share on the one hand, or, on the other, be enabled to appropriate to himself the whole, it may be, or indeed any greater portion, than a fair dividend. The oath is to be administered to him upon these terms. His application is made to the magistrates, to be admitted to the oath upon this condition, and upon no other. We think it equally clear, that to permit this first assignment to stand, and the property of the debtor to pass by it to preferred creditors, is to defeat the purpose of the above provision; and we can no otherwise give effect to it, than by declaring the assignment void, and that nothing passed by it.

It is no sufficient answer to say, as the plaintiff suggests, that the debtor did, at the time of hearing, convey all the estate he then had, for the equal benefit of all his creditors; and so, that the *words* of the statute are satisfied. Such a construction would take from it all practical force. The assignment, in such

case, would be mere form. It could never have been intended, that the debtor should, pending the application, be allowed first to devote all his estate to favored creditors, and leave his other creditors to be satisfied with a mere shadow, equally to be distributed.

*Judgment must be for the defendants for their costs.*